IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEE ROLIN,        )<br>                          )<br>        Petitioner,         )<br>                          )<br>    vs.                   )<br>                          )<br>A. P. KANE, Acting Warden, )<br>                          )<br>        Respondent.       )<br>_____ ) | No. C 05-2342 CRB (PR)<br><br>ORDER DENYING<br>PETITION FOR A WRIT OF<br>HABEAS CORPUS |

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Prison Terms' ("BPT") January 8, 2004 decision to deny him parole.

Per order filed on October 3, 2005, the court found that petitioner's claim that the BPT's decision finding him not suitable for parole does not comport with due process appears colorable under § 2254, when liberally construed, and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent instead filed a motion to dismiss on the ground that California inmates do not have a liberty interest in early release on parole that is protected by federal due process because the Supreme Court of California held in In re Dannenberg, 34 Cal. 4th 1061 (2005), that the language of California Penal Code section 3041, setting forth California's parole scheme, is not mandatory.

Per order filed on September 6, 2006, the court denied respondent's motion on the ground that the "Ninth Circuit recently rejected respondent's argument and made clear that 'California inmates continue to have a liberty interest in parole after <u>In re Dannenberg</u>, 34 Cal. 4th 1061 (2005).' <u>Sass v. California Bd. of Prison Terms</u>, No. 05-16455, slip op. 10563, 10566 (9th Cir. Aug. 31, 2006)." Sept. 6, 2006 Order at 2. The court reinstated its previous order and again ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent has now filed an answer to the order to show cause. Petitioner did not file a traverse.

## BACKGROUND

In 1985, petitioner was convicted by a Kern County superior court jury of second degree murder and felony hit-and-run with death or bodily injury. He was sentenced to an indeterminate term of 15 years to life in state prison.

Petitioner has been found not suitable for parole each time he has appeared before the BPT. On January 8, 2004, petitioner appeared before the BPT for a subsequent parole consideration hearing. The BPT again found him not suitable for parole and denied him a subsequent hearing for three years. Petitioner challenged the BPT's January 8, 2004 decision in the state superior, appellate and supreme courts. After the Supreme Court of California denied his final state habeas petition on May 18, 2005, the instant federal petition for a writ of habeas corpus followed.

## DISCUSSION

A.    <u>Standard of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even

when the petitioner is not challenging his underlying state court conviction." White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Under AEDPA, this court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. at § 2254(d). Under this deferential standard, federal habeas relief will not be granted "simply because [this] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000).

While circuit law may provide persuasive authority in determining whether the state court made an unreasonable application of Supreme Court precedent, the only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003).

B.  Legal Claims and Analysis

Petitioner seeks federal habeas corpus relief from the BPT's January 8, 2004 decision finding him not suitable for parole, and denying him a subsequent hearing for three years, on the ground that the decision does not comport with

3

due process.  Petitioner claims that the BPT's decision is not supported by some evidence in the record and instead is improperly based on the unchanging facts of his commitment offense and pre-commitment conduct.   Petitioner also claims that the BPT is biased.

California's parole scheme provides that the board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting." Cal. Penal Code § 3041(b).  In making this determination, the board must consider various factors, including the prisoner's social history, past criminal history, and base and other commitment offenses, including behavior before, during and after the crime.  See Cal. Code Regs. tit. 15, § 2402(b) – (d).

California's parole scheme "gives rise to a cognizable liberty interest in release on parole" which cannot be denied without adequate procedural due process protections.  Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1128 (9th Cir. 2006); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002).  It matters not that, as is the case here, a parole release date has never been set for the inmate because "[t]he liberty interest is created, not upon the grant of a parole date, but upon the incarceration of the inmate."  Biggs v. Terhune, 334 F.3d 910, 914-15 (9th Cir. 2003).

Petitioner's due process rights require that "some evidence" support the parole board's decision finding him unsuitable for parole.  Sass, 461 F.3d at 1125 (holding that the "some evidence" standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985), applies to parole decisions in § 2254 habeas petition); Biggs, 334 F.3d at 915 (same); McQuillion, 306 F.2d

at 904 (same).  This "some evidence" standard is minimally stringent and ensures that "the record is not so devoid of evidence that the findings of [the BPT] were without support or otherwise arbitrary." Hill, 472 U.S. at 457.  Determining whether this requirement is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Id. at 455-56 (quoted in Sass, 461 F.3d at 1128).

Due process also requires that the evidence underlying the parole board's decision have some indicia of reliability.  Biggs, 334 F.3d at 915; McQuillion, 306 F.3d at 904.  Relevant in this inquiry "is whether the prisoner was afforded an opportunity to appear before, and present evidence to, the board." Morales v. California Dep't of Corrections, 16 F.3d 1001, 1005 (9th Cir. 1994), rev'd on other grounds, 514 U.S. 499 (1995).  In sum, if the parole board's determination of parole unsuitability is to satisfy due process, there must be some evidence, with some indicia of reliability, to support the decision.  Rosas v. Nielsen, 428 F.3d 1229, 1232 (9th Cir. 2005).

The record shows that the BPT afforded petitioner and his counsel an opportunity to speak and present their case at the hearing, gave them time to review petitioner's central file, allowed them to present relevant documents and provided them with a reasoned decision in denying parole.  The panel explained that it found that the crime was carried out "in a very cruel and quite callous manner" demonstrating "a total and very callous disregard for any human suffering" and that the "motive for the crime was very trivial in relation to the offense." Hr'g Tr. at 57 (Resp't Ex. 2).  Petitioner tried to make contact with his wife from whom he was separated; when she took off in her car, he got in his car and chased her, bumping her car on two or three occasions at a high rate of speed, causing her car to go off the road, rolling, ejecting and killing her at the scene.

The panel also found that petitioner had an escalating pattern of criminal conduct and extensive record of violence, including an arrest for a previous murder where he was involved in an altercation and stabbed two people, convictions for battery and involuntary manslaughter and an escape from state prison; had an unstable social history and had failed to profit from society's previous attempts to correct his criminality; had failed to demonstrate a positive change in his behavior while incarcerated, noting a July 2003 disciplinary write-up for battery on another inmate; had failed to participate sufficiently in self-help and therapy groups, and upgrade educationally and vocationally, while in prison; and had inadequate parole plans. Id. at 57-60. The panel noted that petitioner's most recent psychological evaluation estimated that, if released, petitioner's violence potential would be "significantly above average when compared to the average citizen in the community." Id. at 60. The panel commended petitioner for participating in AA and taking other self-help classes and receiving certificates for several Bible classes, but concluded that "these positive aspects of his behavior do not outweigh the factors of unsuitability." Id. at 61-62.

The state superior court upheld the decision of the BPT and the state appellate and supreme courts summarily affirmed. The superior court reviewed the evidence relied on by the panel – including the commitment offense, petitioner's pre-commitment criminal conduct, recent disciplinary write-ups, lack of viable parole plans and unfavorable psychological evaluation – and determined that "there is some evidence to support the BPT's decision to deny parole." In re Gerald Lee Rolin, No. HC008623, slip op. at 2 (Cal. Super. Ct. Jan. 25, 2005) (Resp't Ex. 3).

The state court's rejection of petitioner's due process claim was not contrary to, or an unreasonable application of, the Hill standard, or was based on

an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). The BPT's January 8, 2004 decision to deny petitioner parole is supported by some evidence in the record and that evidence bears some indicia of reliability. See, e.g., Rosas, 428 F.3d at 1232-33 (upholding denial of parole based on gravity of offense and psychiatric reports); Biggs, 334 F.3d at 916 (upholding denial of parole based solely on gravity of offense and conduct prior to imprisonment); Morales, 16 F.3d at 1005 (upholding denial of parole based on criminal history, cruel nature of offense, and need for further psychiatric treatment). The inquiry under Hill is simply "whether there is any evidence in the record that could support the conclusion reached by the [BPT]." Hill, 474 U.S. at 455-56 (emphasis added). There is – the facts surrounding the crime reasonably suggest that it was carried out in a cruel and callous fashion; petitioner has a pre-commitment record of escalating criminal activity; petitioner received a disciplinary write-up for battery on another inmate only a few months before the January 8, 2004 parole consideration hearing; petitioner did not have firm parole plans; and petitioner's psychological evaluation was not favorable. Cf. Cal. Code Regs. tit. 15, § 2402(c) & (d) (listing circumstances tending to show unsuitability for parole and circumstances tending to show suitability). It is not up to this court to "reweigh the evidence." Powell v. Gomez, 33 F.3d 39, 42 (9th Cir. 1994).

      Petitioner argues that the BPT's continued reliance on the immutable circumstances of his murder offense and pre-commitment conduct conflicts with the Ninth Circuit's ruling in Biggs.[1] The superior court rejected petitioner's

---

[1] In Biggs, the Ninth Circuit upheld the initial denial of a parole release date based solely on the nature of the crime and the prisoner's conduct before incarceration, but cautioned that, over time, denying a prisoner parole strictly because of the nature of his offense and his prior conduct "would raise serious questions involving his liberty interest in parole . . . and could result in a due

7

argument on the ground that "the panel's denial of parole <u>was not based solely on the commitment offense and Petitioner's conduct prior to incarceration</u>.  As discussed above, the panel's decision was also based on other relevant factors specified by statute and regulation."  <u>In re Gerald Lee Rolin</u>, No. HC008623, slip op. at 4 (Cal. Super. Ct. Jan. 25, 2005) (emphasis in original).  This court agrees.  Ample other evidence in the record (<u>e.g.</u>, a recent disciplinary infraction, a lack of firm parole plans and an unfavorable psychiatric evaluation) constitutes some evidence under <u>Hill</u>.  <u>See</u> 28 U.S.C. § 2254(d); <u>Hill</u>, 474 U.S. at 455-56 (inquiry under <u>Hill</u> is simply whether there is <u>any</u> evidence in the record that could support the conclusion reached by the BPT).

Petitioner also claims that he did not receive a fair hearing because the BPT is biased against granting parole to life inmates.  Petitioner has set forth no evidentiary support for his bias claim.  But even if he had, there is no evidence in the record indicating that this alleged bias affected the BPT's decision or served as the basis for denying parole.  To the contrary, the transcript from petitioner's January 8, 2004 parole hearing demonstrates that he received an individualized assessment of his potential parole suitability.  Petitioner's reliance on the high percentage of parole denials for life inmates provides no proof of the BPT's alleged bias against parole.  <u>Cf.</u> <u>California Dept. of Corrections v. Morales</u>, 514 U.S. 499, 510-11 (1995) (citing that 90 percent of all California inmates are found unsuitable for parole as evidence that deferring annual parole suitability hearings was lawful and reasonable) .[2]

---

process violation."  <u>Biggs</u>, 334 F.3d at 916-17.

[2]Petitioner's additional claim that the composition of the BPT panel violates California Penal Code section 5075 does not state a cognizable claim under § 2254.  <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) (federal habeas relief not available for violations of state law or error in application of state law).

||  |
|---:|---|
| 1 | **CONCLUSION** |
| 2 | For the reasons set forth above, the petition for a writ of habeas corpus is |
| 3 | DENIED. |
| 4 | The clerk shall enter judgment in favor of respondent and close the file. |
| 5 | SO ORDERED. |
| 6 | DATED:  Sept. 20, 2007 |
| 7 | CHARLES R. BREYER<br>United States District Judge |